IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Dedra Linette Gamble, | C/A No.: 1:12-1459-TLW-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Carolyn W. Colvin, Acting Commissioner of Social Security Administration,[1] | |
| Defendant. | |

Plaintiff Dedra Linette Gamble ("Plaintiff") filed this appeal pursuant to 42 U.S.C. § 405(g) of the Social Security Act to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). [Entry #1].

This matter comes before the court on the Commissioner's motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1). [Entry #18]. Plaintiff responded to the motion on February 25, 2013 [Entry #20], and the Commissioner replied on March 6, 2013 [Entry #21]. The motion to dismiss having been fully briefed, it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin should be substituted for Commissioner Michael J. Astrue as the defendant in this lawsuit.

Because the motion to dismiss is dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends the district court grant the Commissioner's motion to dismiss.

I. Factual and Procedural Background

On December 29, 2011, an administrative law judge ("ALJ") issued a decision denying Plaintiff's claim for DIB and SSI. [Entry #18-2 at 5–19]. Thereafter, Plaintiff requested that the Appeals Council review the adverse decision. *Id.* at 3. On March 7, 2012, the Appeals Council sent Plaintiff notice of its action denying her request for review and advising her that she had the right to commence a civil action for court review within 60 days of her receipt of the notice. *Id.* at 25–26. Plaintiff filed her complaint in this court on June 1, 2012. [Entry #1].

II. Discussion

A. Legal Standard

When a Rule 12(b)(1) motion is raised as to the factual basis for subject matter jurisdiction, the plaintiff bears the burden of proving jurisdiction exists. *Richmond, Fredericksburg & Potomac R. Co. v. U.S.*, 945 F.2d 765, 766 (4th Cir. 1991). In evaluating a challenge to jurisdiction under Fed. R. Civ. P. 12(b)(1), the court can go beyond the face of the complaint and consider evidence without converting the proceeding to one for summary judgment. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *see also Richmond*, 945 F.2d at 768.

B.    Analysis

Pursuant to 42 U.S.C. § 405(g), an individual seeking review of a final decision of the Commissioner must commence a civil action within 60 days after receiving notice of that decision. *See* 20 C.F.R. § 422.210(c). Here, Plaintiff concedes that she failed to comply with the statutory deadline, but argues the time period should be equitably tolled due to the existence of extraordinary circumstances. [Entry #20 at 1].

The 60-day requirement is not jurisdictional and is subject to equitable tolling. *See Bowen v. City of New York*, 476 U.S. 467, 481 (1986)[2]; *Hyatt v. Heckler*, 807 F.2d 376, 380 (4th Cir. 1986). However, equitable tolling must be justified by exceptional circumstances. *Id.* at 378. In *Hyatt*, the Fourth Circuit Court of Appeals found that the equities warranted such tolling where the Secretary of Health and Human Services' secretive and systematic policy of not acquiescing with the law of the relevant circuit resulted in the denial of benefits for a class of claimants. *Id.* at 380–81. The Fourth Circuit also made clear, however, that tolling of the period of limitation "will rarely be appropriate." *Id.* at 378. Although the court may equitably toll the limitations under exceptional circumstances, "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

---

[2] Plaintiff cites *Bowen*, without a full citation, for the proposition that tolling of the Section 405(g) limitations period is "not infrequently appropriate." [Entry #20 at 2]. *Bowen* does not stand for this proposition. The *Bowen* court stated, "[t]olling, in the rare case such as this, does not undermine the purpose of the 60-day limitations period when viewed in connection with the underlying statute." 476 U.S. at 481. In *Bowen*, the court found that tolling was justified on the basis of the defendant denying benefits based on a systematic procedural irregularity. *Id.*

Plaintiff has not alleged government misconduct. Rather, she alleges she "became severely ill and was hospitalized and medically treated several times during the 60 day period that she was required to file her appeal and was mentally and physically unable to meet with attorney." [Entry #20 at 1]. Relying on the out-of-circuit case of *Canales v. Sullivan*, 936 F.2d 755 (2d Cir. 1991), she argues that equitable tolling is justified based on her mental impairments. [Entry #20 at 2].

In *Canales*, the Second Circuit Court of Appeals held that mental impairment may warrant equitable tolling in some circumstances. 936 F.2d at 756. The plaintiff, who did not speak English well and was unrepresented by counsel in the administrative proceedings, submitted an affidavit describing her physical and mental impairments in support of her request for equitable tolling. *Id.* at 757. She also stated that when she received notice of the final decision agency, she did not understand that she "was supposed to see another judge for [her] case" and believed that was the end of her case. *Id.* The *Canales* court found that where a claimant avers incapacity due to mental impairment during the 60-day period, the district court should permit the claimant to present evidence in support of this claim. *Id.* at 759. In so holding, the Second Circuit noted its disagreement with other courts that have concluded that mental impairment cannot justify equitable tolling. *Id.* (citing *Carter v. Heckler*, 588 F. Supp. 87, 90 (N.D. Ill. 1984); *Palucis v. Schweiker*, 523 F. Supp. 199, 200–01 (W.D. Pa. 1981).

The undersigned does not recommend extending the *Canales* holding to the present case. The facts of *Canales* are materially distinguishable in that the claimant was not represented by counsel. In this case, however, Plaintiff was represented by counsel

4

during the administrative proceedings. [Entry #20 at 1]. Her counsel advised her that she could continue to pursue her case at the district court level. *Id.* Plaintiff then sought the assistance of her current counsel who advised her that she would have to pay the filing fees or request that they be waived and also meet with the attorney if she wished to proceed. *Id.* Furthermore, Plaintiff has demonstrated no record of mental impairment during the relevant time period and, in support of her argument, relies solely on the ALJ's finding that she suffered from severe impairments of moderate depressive disorder and anxiety. *Id.* at 2. Such impairments are common in Social Security cases and permitting equitable tolling based on such findings would open the floodgates for untimely filing by any claimant who has been found to have a severe mental impairment.

The Fourth Circuit has not addressed whether equitable tolling is proper in instances other than those involving government misconduct; however, a majority of circuits require a showing of clandestine action on the part of the government in order to apply equitable tolling. *See Torres v. Barnhart*, 417 F.3d 276, 281–83 (2d Cir. 2005) (collecting cases).

Based on the foregoing, the undersigned recommends finding that equitable tolling is not applicable to the facts of this case.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district court grant the Commissioner's motion to dismiss Plaintiff's complaint [Entry #18].

5

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

March 11, 2013                                       Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).